IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JACQUELINE HICKS                                                 PLAINTIFF

V.                                                     CIVIL ACTION NO. 4:19-CV-106-SA-JMV

HEART OF HOSPICE, LLC                                    DEFENDANT

ORDER REMANDING CASE

Plaintiff Jacqueline Hicks filed this action in the Circuit Court of Bolivar County, Mississippi on March 7, 2019 pursuing claims for wrongful termination, breach of contract, and intentional and or negligent infliction of emotional distress under Mississippi law. Defendant Heart of Hospice, LLC removed the action to this Court on July 17, 2019 premising federal jurisdiction on the basis of diversity of citizenship.

The diversity statute, 28 U.S.C. Section 1332, is satisfied upon a showing of (1) diversity between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. Diversity, as prescribed by Section 1332, requires that "all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (internal quotation marks omitted). Where "jurisdiction depends on citizenship, citizenship must be distinctly and affirmatively alleged." *Getty Oil Corp., a Div. of Texaco Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (internal quotation marks omitted). The burden of proving diversity jurisdiction "rests upon the party who seeks to invoke the court's diversity jurisdiction." *Id*.

Because the Defendant, as the party invoking this Court's jurisdiction, failed to "distinctly and affirmatively" allege the citizenship of the parties in their complaint, this Court issued an Order to Show Cause [5] as to jurisdiction. *See Getty Oil*, 841 F.2d at 1259. In the Order to Show Cause, the Court specified the insufficiencies in the Defendant's jurisdictional allegations and described

the jurisdictional requirements related to an unincorporated LLC. The Court provided substantial time for the parties to respond to the Court's order. The Defendant filed a supplement to the jurisdictional allegations of their Complaint [10] on August 28, 2019. The supplemental jurisdictional allegations are still inadequate despite the Defendant's attempt to list all of its members.

For example, the Defendant provided the names of numerous trusts and their states of citizenship but did not state who the members of the trusts were and their respective states of citizenship. The Supreme Court has held that when a trust is being sued as an entity as opposed to a trustee being sued individually, the trust's membership goes beyond its trustees and extends to all of its members. *Americold Realty Trust v. Conagra Foods, Inc.*, 135 S. Ct. 1012, 194 L.Ed. 2d 71 (2016) ("So long as such an entity is unincorporated, we apply our oft-repeated rule that it possesses the citizenship of all its members. But neither this rule nor *Navarro* limits an entity's membership to its trustees just because the entity happens to call itself a trust.") (internal quotation marks omitted).

Similarly, the Defendant provided names of LLCs as members of the Defendant LLC, but failed to list the names of the members of the subsequent LLCs and their states of citizenship. The Supreme Court has held that an LLC's citizenship is determined by the citizenship of *all* of its members. *See Harvey*, 542 F.3d at 1080 (emphasis added). Because the Defendant did not distinctly, affirmatively, and fully allege the citizenship of its members, the existence of federal jurisdiction is still in question. The Court entered a second Order to Show Cause [13] on October 18, 2019. The Defendant did not respond to the Order, and the time to do so has passed.

*Conclusion*

Though neither party has contested the issue of jurisdiction, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists . . . ." *Arbaugh v. Y&H Corp.*,

546 U.S. 500, 501, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). This duty persists throughout all phases of the litigation, "even after trial and the entry of final judgment." *Id*. at 506- 07, 126 S. Ct. 1235. Since the Defendant has not established the existence of federal jurisdiction in this case, this action is remanded to the Circuit Court of Bolivar County, Mississippi. The Clerk of Court shall take all necessary steps required to accomplish this REMAND.

It is SO ORDERED on this, the 22nd day of November, 2019.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE